# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANNA POLEVOY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 4822 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| DEVON BANK, | ) | Magistrate Judge Ashman |
| | ) | |
| Defendant. | ) | |

## CERTIFICATION REGARDING CLASS NOTICE

Under penalties of perjury as provided by 28 U.S.C. § 1746, I, Lance A. Raphael, one of the attorneys for the Plaintiff, hereby state as follows:

1.      Consistent with the terms of the preliminary approval order, Class Notice in *Polevoy v. Devon Bank*, Case No. 08 C 4822, was published on www.caclawyers.com from January 30, 2009 to the present. Claim forms and instructions for objecting and opting out were available by clicking on the designated website links. *See* attached website administrator certification.

2.      Notice was also published in the Pioneer Press newspaper on February 5, 2009. *See* attached Pioneer Press certification.

3.      The Defendant has also provided photographs to show that Notice was posted on ATM XE3730 at Devon Bank, 70 S. Waukegan Rd., Deerfield, IL 60015, starting on January 30, 2009. *See* attached photograph.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16, 2009.

/s/ Lance A. Raphael

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANNA POLEVOY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 4822 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| DEVON BANK, | ) | Magistrate Judge Ashman |
| | ) | |
| Defendant. | ) | |

## CERTIFICATION AS TO WEBSITE PUBLICATION

Under penalties of perjury as provided by 28 U.S.C. § 1746, I, Deborah Mahler, hereby state as follows:

1.  I am the owner of MICE Training and Technology™ and as such, was hired to perform maintenance and monitoring of the website www.caclawyers.com. One of my functions as website administrator was to make the Class Notice in *Polevoy v. Devon Bank*, Case No. 08 C 4822, available on www.caclawyers.com.

2.  After the preliminary approval order was entered in this case, I posted the Class Notice on www.caclawyers.com, from January 30, 2009 to the present.

3.  Claim forms and instructions for objecting and opting out were available by clicking on the designated website links. For the Court's reference, I have attached a printout of the webpage to this certification.

4.  I am not aware of any problems with the website and have not been informed of any difficulties accessing the class notice information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 08, 2009.

Deborah Mahler

**The Consumer Advocacy Center, P.C.**
*Your Choice for more reliable class action system and legal... US Consumer Resources*

*Polevoy v. Devon Bank*

# CLASS ACTION SETTLEMENT INFORMATION

Welcome to the settlement information website for *Polevoy v. Devon Bank*. This website describes the case and the settlement among Plaintiff and Defendant.

We have tried to design this website to help you get information about the proposed settlement of this case. If necessary, however, you can also contact Class Counsel for further information:

Lance A. Raphael
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808

## DO NOT CONTACT THE COURT FOR INFORMATION.

This case is currently pending in the United States District Court for the Northern District of Illinois as Case No. 08 C 4822. The judge is Matthew F. Kennelly. To see a copy of the complaint, click here.

Plaintiff alleges that Defendant did not post the required fee notice on the outside of its ATM, located at Devon Bank, 70 S. Waukegan Rd., Deerfield, IL 60015, thus violating the Electronic Funds Transfer Act, 15 U.S.C. *§1693 et seq.* To see a copy of the class action publication notice, click here.

Defendant denies Plaintiff's claims of wrongdoing but has agreed to settle all claims against it to avoid the expense of continued legal proceedings. To see a copy of the Settlement Agreement, click here.

The Court has certified a class and preliminarily approved a class action settlement of this case. To see a copy of the Preliminary Approval Order, click here.

Class Action Settlement Information: Polevoy v. Devon Bank

The links below provide information about who is a Class Member, the terms of the Settlement Agreement and how Class Members can participate in, object to, or exclude themselves from, the class action settlement of this case.

## All Potential Class Members:

To find out if you are a Class Member, click here.

If you want to receive money from the Settlement Fund, click here.

If you do not want to be a class member (or receive any money from the Settlement Fund), click here.

If you want to object to the settlement of this case as a class action or to the terms of the Settlement Agreement, click here.

Back

## Class Membership

You are a class member if you are a person who, from August 22, 2007 to July 3, 2008, used ATM Number XE3730, located at Devon Bank, 70 S. Waukegan Rd., Deerfield, IL 60015 and was charged a transaction fee for the use of that ATM.

For a copy of the Claim Form, click here.

Back

## How to Opt-Out of the Class Action Settlement

If you do not want to participate in the settlement, do not want to be paid from the settlement, and do not want to give up any rights you may have to sue Defendant for the claims alleged in Plaintiff's complaint, you must send a signed letter, **post-marked by March 23, 2009**, to Class Counsel, The Consumer Advocacy Center, P.C. 180 West Washington, Suite 700, Chicago, IL 60602, with your name and address stating *"EXCLUDE ME FROM THE POLEVOY V. DEVON BANK SETTLEMENT."*

Class Action Settlement Information: Polevoy v. Devon Bank

Back

## Objections

You may object to the settlement by writing a signed memo stating the specific reasons you object and file it with the Court at 219 South Dearborn Street, Chicago, Illinois 60604 by March 23, 2009. The memo must reference Case No. 08 C 4822. You must also send a copy of your objection to Lance A. Raphael, The Consumer Advocacy Center, P.C., 180 West Washington, Suite 700, Chicago, IL 60602, and to Gary S. Caplan, Reed Smith, 10 South Wacker Drive, 40th Floor, Chicago, IL 60606.

Back

Use of this web site signifies your agreement to CAC's terms of use and privacy statement. © Copyright 1999- 2009
Consumer Advocacy Center, P.C.
Privacy Policy | Terms & Conditions | Webmaster



# CHICAGO SUN-TIMES NEWS GROUP

TOGETHER WE'RE BETTER

I hereby certify the advertisement for _DEVON BANK_

Was printed in the Pioneer Press on _THURSDAY 2/5/09_

Ad Size: _$4.7" X 5.9"_

_Joy Morawez_      **Advertising Services Coordinator**
Joy Morawez

Subscribed and sworn to before me this _16th_ day of _February_, 200_9_.

Name (Signature) _Jennifer M Streff_      **Notary Public**

My Commission expires: _2/26/2011_

OFFICIAL SEAL
JENNIFER M. STREFF
MY COMMISSION EXPIRES
FEBRUARY 26, 2011



350 NORTH ORLEANS STREET, 10TH FLOOR, CHICAGO, IL 60654 | 312.321.3000 | 312.321.9655 FAX



# FAX

TO: Terry Morrison      FROM: Megan Frejlich **(ext. 2393)**

FAX: (773) 973-0401      PAGES: 3

PHONE:      DATE: 4/21/09

RE: Feb. invoice/Affa Davit      CC:

## COMMENTS:

Hi Terry, here is a copy of your February invoice reflecting the Pioneer Public Notice ad from 2/5/09 and the Affa Davit. I am still waiting to receive the tear from our Pioneer office. Please let me know if you need anything else, thanks!

# Chicago Sun-Times, Inc.

6913 PAYSPHERE CIRCLE
CHICAGO, IL 60674
FED. ID  36-3447749

## ADVERTISING INVOICE and STATEMENT

| 8 | BILLED ACCOUNT NAME AND ADDRESS |
|---|---|

DEVON BANK
MARKETING
6445 NORTH WESTERN AVENUE46
CHICAGO          IL   60645 USA

| 7 | AGENCY CLIENT NUMBER | 2 | AGENCY CLIENT NAME |
|---|---|---|---|
| | | | |

| 1 | BILLING PERIOD | 6 | BILLED ACCOUNT NUMBER |
|---|---|---|---|
| | 02/01/09-02/28/09 | | 060510004 |

| 10 DATE 11 | 12 13 14 | Reference Numbers | DESCRIPTION - OTHER COMMENTS/CHARGES | 15 SAU SIZE / 16 BILLED UNITS | 17 TIMES RUN / 18 | 19 RATE | GROSS AMOUNT | 20 | NET AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| | | | QUESTIONS? CALL OUR CUSTOMER SERVICE HELPLINE AT (708) 342-7889. | | | | | | |
| | | | BALANCE FORWARD | | | | | | 3,349.04 |
| | | | PAYMENT | | | | | | 3,349.04- |
| | | | TOTAL PAYMENTS | | | | | | 3,349.04- |
| | | | ------- | | | | | | |
| 02/05 | | 099227001 AD#341208601 | PIONEER 12U AN        FULL | X 1.00 | 1 | | 1,850.00 | | 1,850.00 |
| 02/19 | | 123010001 AD#341593101 | PIONEER 12U           FULL | X 1.00 | 1 | | 284.00 | | 284.00 |
| | | | TOTAL CHARGES | | | | | | 2,134.00 |

5440-6007 = 284.00
5440-6000
       6003     = Balance
       6003
       6007

RECEIVED
MAR 3 1 2009
BY:

| STATEMENT OF ACCOUNT | | Aging of Past Due Amounts | | | | *UNAPPLIED AMOUNTS ARE INCLUDED IN TOTAL AMOUNT DUE |
|---|---|---|---|---|---|---|
| 21 CURRENT NET AMOUNT DUE | 22 | 30 DAYS | 60 DAYS | OVER 90 DAYS | *UNAPPLIED AMOUNT | 23 TOTAL AMOUNT DUE |
| 2,134.00 | | | | | | 2,134.00 |

1110605100047000000000100002134000226091000000000000000000



# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| ANNA POLEVOY, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 4822 |
| v. | ) ) | Judge Kennelly |
| DEVON BANK, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) | |

## CERTIFICATION OF LANCE A. RAPHAEL IN SUPPORT OF FEE PETITION

I, Lance A. Raphael, state as follows:

1.  I am a member in good standing of the bars of the following courts:

    Supreme Court of Illinois
    November 4, 1993

    U.S. District Court for the Northern District of Illinois
    December 16, 1993

    U.S. Court of Appeals, Second Circuit
    January 17, 2002

    U.S. Court of Appeals, Seventh Circuit
    December 23, 2003

    U.S. District Court for the Northern District of Indiana
    June 8, 2005

    U.S. District Court for the Eastern District of Wisconsin
    December 12, 2007

    U.S. District Court for the Eastern District of Michigan
    March 17, 2008

2.  I have also been admitted *pro hac vice* to, among others, the following courts:

    The U.S. District Court for the District of Minnesota, St. Paul, Minnesota;

1

The Harris County State Court, Houston, Texas;

The Hennipan County State Court, Albany, California;

The U.S. District Court for the Eastern District of New York;

The U.S. District Court for the Southern District of New York;

The Superior Court of the State of Connecticut, J.D. of Stamford, Connecticut; and

The U.S. District Court for the Southern District of Florida.

## Previous Payment, Approval or Agreement of Consumer Advocacy Center Rates

3.  My hourly rate for this case is $550.00, which is consistent with and falls within the market rate in the Chicago area for consumer rights litigation work of similar skill level and experience.[1]

4.  Since January 1, 2002, both I and the Consumer Advocacy Center, P.C. have charged and received payment from consumers for services[2] ranging from a simple review of documentation, investigation of facts or performing legal research, to litigating individual claims, at the current hourly rates described in this certification on a non-contingent basis.

---

[1]  Of the dozen or so plaintiffs' consumer rights firms in the Chicago area, my rate falls within the range of rates charged by all other such lawyers who practice in my area, many of whom I have worked with personally. For example, these partners charge as follows: a) Jim Shedden, with whom I have worked before, charged $525.00 for work performed in 2003 and $550.00 per hour for work performed in 2006, b) Jonathan Nachsin, with whom I have worked before, charged $450.00 per hour for work performed in 2006, c) William Harte, with whom I have worked before, charged $450.00 per hour for work performed in 2002, d) Larry Drury charged $550.00 per hour for work performed in 2004, e) Michael B. Hyman, with whom I have worked before, charged $460 per hour for work performed in 2004, f) Michael Hilicki, with whom I have worked before, charged $400.00 per hour, as a senior associate, for work performed in 2006. If the Court finds that this instant certification as to the above market rates is not sufficient evidence of those rates, I am able to supplement the above information with actual copies of signed affidavits from each of the above individuals attesting to such rates.

[2]  The rates charged for Lance A. Raphael, Stacy M. Bardo, and others in the office have been agreed to and paid by each consumer, except those who demonstrated that they were financially unable to pay for such services. In those cases, the fee was discussed and waived.

5.     In addition to charging consumers for certain consumer law-related tasks, based upon the factors set forth in this Certification, unless otherwise noted, my contingent rates and the rates of the employees and associates at my firm have been approved by the following courts, after being negotiated at arms-length with opposing counsel, or as a result of a fee petition:

a)     A rate of $550.00 was approved in *Ector v. City of Markham*, 07 C 6116, by the Honorable Judge John F. Grady of the U.S. District Court for the Northern District of Illinois, Eastern Division, approval granted December 10, 2008;

b)     A rate of $550.00 was approved in *Starzynski v. Friedman and Wexler, et al.*, 07 C 1254, by the Honorable Chief Judge James F. Holderman of the U.S. District Court for the Northern District of Illinois, Eastern Division, approval granted November 13, 2008;

c)     A rate of $550.00 was approved in *Olszowka v. Village of Chicago Ridge*, 07 C 6115, by the Honorable Magistrate Judge Susan E. Cox of the U.S. District Court for the Northern District of Illinois, Eastern Division, approval granted November 12, 2008;

d)     A rate of $550.00 was approved in *Curtis et al., v. Vienna Beef, Ltd.*, 07 CH 27980, by the Honorable Judge Palmer of the Circuit Court of Cook County, Illinois, Chancery Division, order entered October 10, 2008;

e)     A recovery of $40,000.00 in fees and costs at our then current 2008 rates in *Smith, Robles, Flores, et al., v. Credit Union One,* 07 C 5939, by the Honorable Judge Ashman of the U.S. District Court for the Northern District of Illinois, Eastern Division, Order entered on August 19, 2008;

f)     A rate of $500.00 per hour was approved in the case of *Burns v. First American Bank*, 04 C 7682, by the Honorable Judge Kendall of the U.S. District Court for the Northern District of Illinois, Eastern Division, Order entered on June 26, 2007;

g)     A rate of $450.00 was approved in *Mimnaugh v. Toyota Motor Credit Corp., et al.*, 04 C 4607, by the Honorable Judge Mark Filip of the U.S. District Court for the Northern District of Illinois, Eastern Division, order entered February 22, 2007;

h)     A rate of $450.00 per hour was approved in the case of *Minard v. Salberg*, 06 CV 00114 RL PRC, by the Honorable Judge Paul R. Cherry of the U.S. District Court for the Northern District of Indiana, Hammond Division, order entered February 5, 2007, based upon 2006 work;

i)   A rate of $450.00 per hour was approved in the case of *Gonzalez, et al. v. Diversified Medical Records Services*, 04 CH 17127, by the Honorable Judge Bronstein of the Circuit Court of Cook County, Illinois, Chancery Division, order entered October 17, 2006;

j)   A rate of $450.00 per hour was approved in the case of *Aidara v. Bank One*, 05 CH 10845, by the Honorable Judge Palmer of the Circuit Court of Cook County, Illinois, Chancery Division, order entered October 3, 2006;

k)   A rate of $450.00 per hour was approved in the case of *Hagan v. Advance Loans, Inc., et al*, 04 C 4559, by the Honorable Judge Marovich of the U.S. District Court for the Northern District of Illinois, Eastern Division, order entered June 8, 2006;

l)   A rate of $450.00 per hour was approved in the case of *Falconer v. Asset Acceptance, et al.*, by the Honorable Judge Robert W. Gettleman of the U.S. District Court for the Northern District of Illinois, Eastern Division, order entered March 31, 2006; the fees approved accounted for 96% of counsels' fees and costs;

m)   A rate of $410.00 per hour was approved in the case of *Machiela v. Trizec Holdings, Inc.*, 05 C 3562, by the Honorable Judge Amy St. Eve of the U.S. District Court for the Northern District of Illinois, Eastern Division, order entered January 30, 2006; and

n)   A rate of $410.00 per hour was approved in the case of *Weniger v. Arrow Financial Services*, 03 C 6213, by the Honorable Chief Judge of the U.S. District Court for the Northern District of Illinois, Eastern Division, Charles P. Kocoras, order entered June 20, 2005.

**Factors of Background**

6.   I am a 1993 graduate of the John Marshall School of Law. From 1993 until March 1996, I was employed by Teller, Levit, and Silvertrust in Chicago. From April 1996 until November 1998, I was employed by Horwitz, Horwitz & Associates.

7.   In January of 1999, I founded The Consumer Advocacy Center, P.C., and I currently focus my practice on the representation of consumers in consumer rights litigation and class actions.

8.   I am a member of the National Association of Consumer Advocates, a legal association devoted to the protection of consumers. I have authored the article, "Teaching an Old Law a New Trick: Repossessing Software Through Disablement," The Commercial Law Journal, Summer 1992, (advocating that the repossession of software may invariably lead to an illegal taking of personal property such as the work product of the user). I have lectured on the topic of "Proceeding in the American Arbitration

4

Association and Issues on Class Actions" at the National Association of Consumer Advocates conference, which qualified for continuing legal education credit. I have also lectured on consumer rights topics to members of the public through the program "Law at the Library" sponsored by the Chicago Bar Association. In early May 2004, Consumer Action and its MoneyWi$e financial literacy partner Capital One held a financial training in Chicago, IL designed to teach local community groups how to talk to their clients about money and financial management, where Rolando Berrelez of the Federal Trade Commission spoke on theft of identity issues and I spoke on consumer rights.

9.      In 1998, I participated in and fulfilled the requirements to accept referrals on consumer fraud related cases from various state governmental agencies through a program sponsored by the Chicago Bar Association called "Law Day," previously held at the State of Illinois Center on a monthly basis.

10.     I was appointed as a speaker at the November 2004 national conference on consumer rights hosted by the National Consumer Law Center; the National Consumer Law Center (NCLC) is the nation's consumer law expert, helping consumers, their advocates, and public policy makers use powerful and complex consumer laws on behalf of low-income and vulnerable Americans seeking economic justice. Topics upon which I spoke include: auto fraud practice tips from the experts, junk fax and telemarketing litigation, and arbitrating consumer cases.

11.     I am a repeat guest lecturer for Lorman Education Services, a national continuing legal education seminar service, where I have spoken on consumer issues related to foreclosure, repossession, and debt collection.

## Litigation Experience

12.     I have been and am currently involved in a number of consumer and class action cases. The number of such cases are to numerous to list, but some of those cases include:

- *Allen v. Homemakers*, 97M1113951, (Truth in Lending Act class action; class certified, settled, Illinois State Court, Cook County);
- *Ambalu v. Zwicker and Associates*, 98-CV-5945 (RLM) (Fair Debt Collection Practices Act, "FDCPA;" state-wide class action);
- *Bauer v. Reidler*, 97 L 36, N (Consumer Fraud Act class action; national class certified through settlement, Illinois State Court, Cook County);
- *Bleich v. Nationsbanc Auto Leasing*, 99-0761 (DRH) (Consumer Lease Act; national class certified through settlement, settlement pending before the Honorable Judge Denis Hurley for $500,000.00 to the class of 103,000 members, fees of $175,000.00 among four firms, rate of $360.00 per hour for attorneys fees for Lance A. Raphael);
- *Burns v. First American Bank*, 04 C 7682, (Electronic Funds Transfer Act, national class certified through settlement);
- *Carter v. Unilever Hand Lotion*, 00 L 41 (national class action, settled);

- *Cohen, Stueckrad, Perper and Sanders v. Blockbuster Entertainment, Inc.*, 99 CH 02561, 99 CH 08984, Judge Biebel, (certified a merits class of 42 million nationally; held to be adequate class counsel);
- *Denihan v. Northwest Collectors*, 99 C 1649 (FDCPA, settled);
- *Gelis v. Freedman*, 99 C 6275 (FDCPA, settled);
- *Louis Gorchoff v. E.R. Solutions, Inc.*, C00-2168-Z (Fair Debt Collection Practices Act, State-wide class action certified through motion, later settled on a class basis);
- *Hohmann v. Universal Fidelity*, 98 C 8168, (FDCPA state-wide class action; my first contested petition for fees with Judge Zagel awarding fees based upon an hourly rate of $225.00 per hour);
- *Holman v. Spring Lakes Mobile Home Estates*, 05 CH 3842, (class action for violations of the Illinois Consumer Fraud Act and the Mobile Home Landlord and Tenant Rights Act; Circuit Court of Cook County, Chancery Division);
- *Kaplan v. Assetcare, Inc., Equifax Information Services, Inc., Columbia/HCA Healthcare Corporation, d/b/a Columbia Aventura Hospital & Medical Center*, 99-412-CIV-GOLD/JOHNSON, (FDCPA state-wide class action regarding violation of Florida Insurance law);
- *Kirk v. Compaq Computer Corporation*, 97 C 5839 (National class action for deceptive service fees; federal RICO claims dismissed and remanded to state court of Harris County Texas);
- *Mailloux v. Arrow Financial Services*, 01-CV-2000 (JBW), (FDCPA state-wide class action certified through motion, class of 5,000 members);
- *McCabe v. Crawford*, 01 C 8194 (a state wide class action under the Fair Debt Collection Practices Act);
- *McCoy v. Lincoln Harbor Village*, 96 C 5200 (Federal Fair Labor Standards Act and Illinois Wage Payment and Collection Act; U.S. District Court for the Northern District of Illinois);
- *Michaels v. U.S. Robotics/3Com*, 97 CH 14417, 97 CV 769903 (National Consumer Fraud class action, Illinois State Court, Cook County and California State Court; class certified and settled for $15,000,000.00 in class benefits, $1,500,000.00 in attorney's fees);
- *Milburn v. Jel Sert Corporation*, 98 C 0639 (Race discrimination class action; settled for $500,000.00; U.S. District Court for the Northern District of Illinois);
- *Moore v. Joe Rizza Chevy*, 99 C 1143 (Odometer fraud case; settled);
- *Puzis v. Duralube*, 99 0172523 S (Unfair and deceptive business practices act claim, national class action, settled for approximately $4,000,000.00 in value to the class, $950,000.00 in attorney's fees, Rate of $320.00 per hour for attorneys fees);
- *Safir v. Soulmates, Inc.*, 06 CH 11047, (class action filed for fraudulent inducement, Circuit Court of Cook County, Chancery Division);
- *Sanders v. OSI Education Services, Inc.*, 01 C 2081 (Fair Debt Collection Practices Act state class action certified and settled);
- *Schmidt v. Nissan Motor Acceptance Corporation*, 99 C 7180 (National

Consumer Leasing Act class action; settled);

- *Smith, et al. v. Credit Union 1*, 07 C 5939, (Electronic Fund Transfers Act; U.S. District Court for the Northern District of Illinois);
- *Stowe, Smith & Lovejoy v. PayDay Loan of Illinois, Inc.*, 99 CH 11461 (Truth in Lending Act, Consumer Installment Loan Act, Illinois Interest Act, Consumer Fraud; state-wide class action, settled);
- *Sutton v. Viking Oldsmobile*, CV 98-900 JMR/FLN (Minnesota state class action, Truth in Lending Act yield spread premium violation);
- *Wermer v. Momax Builders*, 98 CH 05336, (Consumer Fraud Act, Truth in Lending Act class action, Illinois State Court, Cook County);
- *Weniger v. Arrow Financial Services*, 03 C 6213, (Fair Debt Collection Practices Act, class action certified and settled);
- *Zempel v. American Family Publishers, Dick Clark and Ed McMahon*, 98 4000 (Consumer fraud, national class action, state-wide class in fourth judicial district of Minnesota; class certified; settled); and
- *Zietek v. James Chrysler*, 96 L 14279 (Consumer Fraud Act, Illinois State Court, Cook County).

13.     On the case at issue, Stacy M. Bardo's hourly rate was $300.00 for work performed. Ms. Bardo was approved at a rate of $300.00 per hour in *Ector v. City of Markham*, 07 C 6116, by the Honorable Judge Grady of the U.S. District Court for the Northern District Court of Illinois, Eastern Division, approval granted December 10, 2008; *Curtis et al., v. Vienna Beef, Ltd.,* 07 CH 27980, by the Honorable Judge Palmer of the Circuit Court of Cook County, Illinois, Chancery Division, order entered October 10, 2008; in *Starzynski v. Friedman and Wexler, et al.*, 07 C 1254, by the Honorable Chief Judge James F. Holderman, approval granted November 13, 2008; and in *Olszowka v. Village of Chicago Ridge*, 07 C 6115, by the Honorable Magistrate Judge Susan E. Cox of the U.S. District Court for the Northern District of Illinois, Eastern Division, approval granted November 12, 2008. She was approved at a rate of $250.00 per hour in *Burns v. First American Bank*, 04 C 7682, by the Honorable Judge Kendall of the U.S. District Court for the Northern District of Illinois, Eastern Division, Order entered on June 26, 2007, in *Mimnaugh v. Toyota Motor Credit Corp., et al.*, 04 C 4607, by the Honorable Judge Mark Filip of the U.S. District Court for the Northern District of Illinois, Eastern Division, order entered February 22, 2007, in *Minard v. Salberg*, 06 CV 00114, by the Honorable Magistrate Judge Paul R. Cherry of the U.S. District Court for the Northern District of Indiana, Hammond Division, order entered February 5, 2007, in *Richman v. Carol Wright Gifts, et al.* Index No. 26824/2002, pending before the Honorable Judge Price of the Supreme Court of the State of New York, County of Queens, order entered September 2005, and by the Chief Judge of the U.S. District Court for the Northern District of Illinois, Eastern Division, Charles P. Kocoras, in *Weniger v. Arrow Financial Services*, 03 C 6213, order entered June 20, 2005. Ms. Bardo's 2005-2006 rate of $230.00 per hour was approved in *Aidara v. Bank One*, 05 CH 10845, by the Honorable Judge Palmer of the Circuit Court of Cook County, Illinois, Chancery Division, order entered October 3, 2006, *Hagan v. Advance Loans, Inc., et al*, 04 C 4559, by the Honorable Judge Marovich of the U.S. District Court for the Northern District of Illinois, Eastern Division, order entered June 8, 2006, *Machiela v. Trizec Holdings, Inc.*, 05 C

3562, by the Honorable Judge Amy St. Eve of the U.S. District Court for the Northern District of Illinois, Eastern Division, order entered January 30, 2006, and in *Falconer v. Asset Acceptance*, 04 C 1846, by the Honorable Judge Robert W. Gettleman of the U.S. District Court for the Northern District of Illinois, Eastern Division, order entered March 31, 2006. Stacy Bardo is a graduate of Northwestern University, where she received her B.S. in Social Policy, and a 2000 graduate of Loyola University School of Law. Ms. Bardo is licensed to practice in the State of Illinois, the U.S. District Court for the Northern District of Illinois, the U.S. District Court for the Northern District of Indiana, and the U.S. District Court for the Eastern District of Wisconsin, and the Seventh Circuit Court of Appeals. She also is Vice-Chair of the Chicago Bar Association's Consumer Law Committee and has served as a speaker at various Bar Association events.

14.     On the case at issue, Allison A. Krumhorn's hourly rate was $250.00 for work performed. Ms. Krumhorn's rate was approved at $250.00 per hour in *Curtis et al., v. Vienna Beef, Ltd.,* 07 CH 27980, by the Honorable Judge Palmer of the Circuit Court of Cook County, Illinois, Chancery Division, order entered October 10, 2008. Her hourly rate of $230.00 per hour was approved in: *Ector v. City of Markham*, 07 C 6116, by the Honorable Judge Grady of the U.S. District Court for the Northern District Court of Illinois, Eastern Division, approval granted December 10, 2008; *Starzynski v. Friedman and Wexler, et al.*, 07 C 1254, by the Honorable Chief Judge James F. Holderman, approval granted November 13, 2008; and in *Olszowka v. Village of Chicago Ridge*, 07 C 6115, by the Honorable Magistrate Judge Susan E. Cox of the U.S. District Court for the Northern District of Illinois, Eastern Division, approval granted November 12, 2008. Her rate of $210.00 per hour was approved in *Burns v. First American Bank*, 04 C 7682, by the Honorable Judge Kendall of the U.S. District Court for the Northern District of Illinois, Eastern Division, Order entered on June 26, 2007, in *Mimnaugh v. Toyota Motor Credit Corp., et al.*, 04 C 4607, by the Honorable Judge Mark Filip of the U.S. District Court for the Northern District of Illinois, Eastern Division, order entered February 22, 2007 and in *Minard v. Salberg*, 06 CV 00114, by the Honorable Magistrate Judge Paul R. Cherry of the U.S. District Court for the Northern District of Indiana, Hammond Division, order entered February 5, 2007. Ms. Krumhorn's 2006 rate of $195.00 was approved by Judge Marovich in *Hagan v. Advance Loans, Inc.*, et al., 04 C 4559, Judge Gettlemen in *Falconer v. Asset Acceptance*, 04 C 1846, and by Judge St. Eve in *Machiela v. Trizec Holdings, Inc.*, 05 C 3562. Allison Krumhorn graduated from the Chicago-Kent College of Law, Illinois Institute of Technology with high honors and obtained an LLM from Northwestern University School of Law in 2003. She is admitted to the Bar for the State of Illinois and is licensed to practice before the U.S. District Court for the Northern District of Illinois and the U.S. District Court for the Eastern District of Wisconsin.

15.     On the case at issue, the hourly rate for paralegals was $90.00 for work performed, which rate has been approved in the above-cited cases.

16.     As of Friday, May 8, 2009, the fees incurred by all of Plaintiff's counsel on this case, not including those appearing in court for the final approval hearing and administering the class fund, total $36,120.00. Time records illustrating how these fees

were incurred are being submitted to the Court for an *in camera* inspection and are attached as <u>Exhibit 1</u> to the Court's copy of this Certification.

17.     In addition to the time spent prior to final approval, I anticipate that my office will spend at least another 6-10 hours of time on this file, (a) finalizing the final approval memorandum and supporting materials and attending the final approval hearing, (b) receiving and setting up the settlement fund, (c) sending checks to claimants and the cy pres recipients, (d) administering W-9 forms, and (e) answering questions from claimants or other class members.

18.     In reviewing costs accumulated, Plaintiff's counsel has incurred $399.00 in costs.

19.     Even though Plaintiff's counsel's fees and costs exceed $35,000.00, the parties negotiated, at arms-length, payment of fees and costs in an amount up to $35,000.00.  Therefore, we now seek approval in the total amount of $35,000.00.

20.     I do hereby certify under penalty of perjury of the laws of the United States, that the above statements are true and correct to the extent that they reflect my personal knowledge.

Executed in Chicago, Illinois this 8th day of May

/s/ Lance A. Raphael

# **EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANNA POLEVOY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 4822 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| DEVON BANK, | ) | Magistrate Judge Ashman |
| | ) | |
| Defendant. | ) | |

## FINAL APPROVAL ORDER

This matter comes before the Court on the joint request of Plaintiff, the Class Members and Defendant for final approval of the Class Action Settlement Agreement and Release (the "Settlement Agreement"), and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS:**

1.      This Court has jurisdiction over the subject matter of this Lawsuit, the Class Representative, the Class Members and Defendant;

2.      Notice was given to the Class pursuant to paragraph 8 of the Settlement Agreement in this matter;

3.      The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

4.      No Members of the Settlement Class opted out of the Settlement Agreement;

5.      No Members of the Settlement Class objected to the Settlement Agreement;

6.      The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A.      That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

B.      That the Settlement Agreement is finally approved and the Parties shall implement it pursuant to its terms;

C.      That this Court awards to Class Counsel attorneys' fees and costs in the amount of $35,000.00, which, upon review of counsel's memorandum, time records and certification, is determined to be fair and reasonable;

D.      That, except as to any person who has timely and effectively requested exclusion from the Settlement Agreement, the Court hereby dismisses with prejudice this Lawsuit, all claims contained therein and all Released Claims;

E.      That this Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement or Judgment;

F.      That, except as otherwise provided in the Settlement Agreement or herein, the Parties are to bear their own attorneys' fees and costs; and

G.      That this Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability based upon the Released Claims.

SO ORDERED this ____ day of _____, 2009.

                                        _____
                                        Honorable Matthew F. Kennelly
                                        United States District Court Judge